IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIDY BROTHERS REAL ESTATE | ) | Civil Action No. |
| DEVELOPMENT COMPANY, | ) | |
| TERRANCE L. CASSIDY, SR. and | ) | |
| HELEN CASSIDY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT TOWNSHIP | ) | |
| and WILLIAM WELLS, in his official | ) | |
| and individual capacity, | ) | Jury Trial Demanded. |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiffs, CASSIDY BROTHERS REAL ESTATE DEVELOPMENT COMPANY, TERRANCE L. CASSIDY, SR. and HELEN CASSIDY, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby file this Complaint in a Civil Action averring as follows:

JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of various civil rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendants for violating Plaintiffs' rights under the First and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3).  Supplemental jurisdiction over Plaintiffs' state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4.      Venue is proper as all claims set forth herein arose in the Western District of Pennsylvania and the Plaintiffs are located in the Western District of Pennsylvania.

PARTIES

5.      Plaintiff, Cassidy Brothers Real Estate Development Company ("Company"), is a Pennsylvania limited liability company with a registered address of 603 Lindsay Road, Carnegie, Pennsylvania 15106.

6.      Plaintiff, Terrance L. Cassidy, Sr. ("T. Cassidy"), is an adult individual residing in Allegheny County, Pennsylvania.  Plaintiff T. Cassidy is the owner of Plaintiff Company and the brother-in-law of Plaintiff Helen Cassidy.

7.      Plaintiff, Helen Cassidy ("H. Cassidy"), is an adult individual residing in Allegheny County, Pennsylvania.  Plaintiff H. Cassidy is the sister-in-law of Plaintiff T. Cassidy.

8.      Defendant, Scott Township ("Township"), is a Pennsylvania municipal corporation with administrative offices located at 301 Lindsay Road, Scott Township, Pennsylvania 15106.  At all times relevant to this Complaint, Defendant Township acted by and through its officials, including, but not limited to, Defendant William Wells.

9.      Defendant, William Wells ("Wells"), is an adult individual.  Plaintiffs believe, and therefore aver, that Defendant Wells is a resident of Allegheny County, Pennsylvania.  At all times relevant to this complaint, Defendant Wells was employed by Defendant Township as commissioner, purporting to act within the full scope and authority of his office.  In his capacity as commissioner, Defendant Wells purported to act as a decision-maker for Defendant Township.

10.      The actions of Defendant Wells described herein are part of an unlawful pattern and course of conduct intended to harm the Plaintiffs.  All of the acts described below were

committed by Defendant Wells with reckless disregard and/or deliberate indifference to the constitutional rights of the Plaintiffs, and they were done under the color and pretense of the law. As a direct and proximate result thereof, Defendants violated the Plaintiffs' constitutional rights, as described herein.

<u>FACTUAL ALLEGATIONS</u>

11.     Plaintiff T. Cassidy is a permanently disabled individual due to injuries he has sustained including, but not limited to, a spinal cord injury.

12.     For the past nine (9) years, Plaintiff T. Cassidy has suffered from ongoing harassment by Defendant Township and/or Defendant Wells in his capacity as commissioner for Defendant Township.

13.     From about 2011 to 2018, Plaintiff T. Cassidy received excessive and unnecessary notices of code violations from Defendant Township regarding a property that was part of his parent's estate and located in Defendant Township.  Plaintiff T. Cassidy purchased this property in or about 2017.

14.     At that time, multiple employees of Defendant Township informed Plaintiff T. Cassidy that Defendant Wells, in his capacity as commissioner for Defendant Township, had instructed them to issue these excessive notices of code violations and/or dictated the language within these letters.

15.     Plaintiffs believe, and therefore aver, that other similarly situated individuals were not subjected to such excessive and unnecessary notices of code violations as to which Plaintiff T. Cassidy was subjected by Defendants Township and/or Defendant Wells.  No rational basis exists for this difference in treatment.

16.     Plaintiffs believe, and therefore aver, that Defendant Wells and/or Defendant Township's harassment of Plaintiff T. Cassidy is a direct and proximate result of Plaintiff T. Cassidy's disability.

17.     Despite Defendant Wells' actual knowledge of Plaintiff T. Cassidy's disability, Defendant Wells has made statements to individuals in the community on multiple occasions that Plaintiff T. Cassidy is not disabled.  These statements were, and are, materially false.

18.     Defendant Wells has also communicated his animosity toward Plaintiff T. Cassidy and/or Plaintiff T. Cassidy's disability to multiple members of the community, including, but not limited to, making statements such he "wishes [Plaintiff T. Cassidy] would die."

19.     In or about 2018, Plaintiff T. Cassidy incorporated Plaintiff Company.

20.     In or about May of 2018, the residence located on Plaintiff H. Cassidy and Patrick Cassidy's property in Defendant Township was destroyed due to a fire.

21.     Patrick Cassidy was the husband of Plaintiff H. Cassidy and brother of Plaintiff T. Cassidy.

22.     Shortly thereafter, Plaintiff H. Cassidy and Patrick Cassidy contracted Plaintiff Company to demolish the remaining structure and build their home on this property.

23.     On or about June of 2018, Plaintiff Terrance Cassidy, in his capacity as an owner of Plaintiff Company, applied for a permit with Defendant Township to demolish the remaining structure on Plaintiff H. Cassidy and Patrick Cassidy's property.

24.     Defendant Township did not issue a permit to demolish the structure for approximately four (4) to six (6) weeks.

25.     Plaintiffs believe, and therefore aver, that other similarly situated companies and/or property owners were granted demolition permits by Defendant Township in significantly

4

shorter amounts of time than the amount of time in which the Plaintiffs were subjected.  No rational basis exists for this difference in treatment.

26.     Furthermore, Plaintiffs believe, and therefore aver, that Defendant Wells, in his capacity as commissioner for Defendant Township, intentionally interfered with the issuance of a demolition permit to Plaintiff Company as a direct and proximate result of Defendant Wells' animosity toward Plaintiff T. Cassidy and/or Plaintiff T. Cassidy's disability, as more fully described hereinbefore above.

27.     Plaintiffs believe, and therefore aver, that Plaintiff T. Cassidy, as an owner of Plaintiff Company, was denied access to a demolition permit by Defendant Township and/or Wells as a direct and proximate result of his disability.

28.     Plaintiffs also believe, and therefore aver, that a demolition permit was not timely issued by Defendant Township and/or Defendant Wells for Plaintiff H. Cassidy's property in retaliation for Plaintiff H. Cassidy's familial association with Plaintiff T. Cassidy.

29.     In or about June of 2018, Plaintiff Terrance Cassidy, in his capacity as an owner of Plaintiff Company, applied for a permit with Defendant Township to construct a new home on Plaintiff H. Cassidy and Patrick Cassidy's property.

30.     At or around this time, Plaintiff Company entered into several business relationships involving the build on the property, including, but not limited to, contracting agreements with Christian Miele to perform electrical work on the property and Frank Hutchison to install the heating, ventilation, and air conditioning system.

31.     Defendants Township and Wells were aware of these business relationships, as Plaintiff T. Cassidy, in his capacity as owner of Plaintiff Company, communicated this information to several of Defendant Township's employees.

32.     Shortly thereafter, Defendant Wells made false allegations to Defendant Township's manager that Plaintiff T. Cassidy as an individual, and not Defendant Company, was executing the build on Plaintiff H. Cassidy and Patrick Cassidy's property and that Plaintiff T. Cassidy did not have the proper insurance for the demolition and/or building.  These allegations were, and are, materially false.

33.     Defendant Wells knew that these allegations were materially false, as Plaintiff T. Cassidy had presented Plaintiff Company's insurance information to Defendant Wells prior to his false allegations.

34.     In or about August of 2018, Defendants Township and/or Wells required Patrick Cassidy to sign a contract with Defendant Township that included a timeline for when a structure was to be built on the property on Patrick Cassidy and Plaintiff H.'s property before Defendant Township would issue a building permit for Plaintiff Company to build.

35.     Plaintiffs believe, and therefore aver, that other similarly situated companies and/or property owners were not required to sign contracts with Defendant Township in order to receive building permits.  No rational basis exists for this difference in treatment.

36.     Defendant Township did not issue a permit to allow Plaintiff Company to construct a new structure on the property until in or about September of 2018.

37.     Plaintiffs believe, and therefore aver, that other similarly situated companies and/or property owners were granted building permits by Defendant Township in significantly shorter amounts of time than the amount of time in which the Plaintiffs were subjected. No rational basis exists for this difference in treatment.

38.     Furthermore, Plaintiffs believe, and therefore aver, that Defendant Wells, in his capacity as commissioner for Defendant Township, intentionally interfered with the issuance of a building

permit to Plaintiff Company as a direct and proximate result of Defendant Wells' animosity toward Plaintiff T. Cassidy and/or Plaintiff T. Cassidy's disability, as more fully described hereinbefore above.

39.     Plaintiffs believe, and therefore aver, that Plaintiff T. Cassidy, as an owner of Plaintiff Company, was denied access to a building permit by Defendant Township and/or Wells as a direct and proximate result of his disability.

40.     Plaintiffs also believe, and therefore aver, that a building permit was not timely issued by Defendant Township and/or Defendant Wells for Plaintiff H. Cassidy's property in retaliation for Plaintiff H. Cassidy's familial association with Plaintiff T. Cassidy.

41.     As a direct and proximate result of the actions of Defendant Wells and Township, as more fully described hereinbefore above, Plaintiffs were unable to construct a new home on the property in 2018 and suffered significant financial losses.

42.     Plaintiffs believe, and therefore aver, that Defendant Wells' actions, as more fully described hereinbefore above, were taken in order to intentionally interfere with Plaintiff Company's business relationships, described more fully at Paragraph 22 and 30.

43.     As a direct and proximate result of the Defendant Wells' actions, as more fully described hereinbefore above, Plaintiff Company's aforementioned business relationships were adversely affected, as Plaintiffs were unable to construct a new home.

44.     Patrick Cassidy passed away on or about November 24, 2018.

45.     In or about May of 2019, Defendant Township began citing Plaintiff H. Cassidy for an unsafe structure on her property, as more fully described hereinbefore above.

46.     At that time, there were no structures on Plaintiff H. Cassidy's property.

47.     Thereafter, Plaintiff H. Cassidy received letters from Defendant Township threatening legal action because no structure was built on the property, in violation of the contract, as described hereinbefore above at Paragraph 34.

48.     Plaintiffs believe, and therefore aver, that Plaintiff H. Cassidy received these letters and/or citations in retaliation for her familial association with Plaintiff T. Cassidy.

49.     In or about May of 2019, Plaintiff H. Cassidy gave Plaintiff T. Cassidy power of attorney to represent her in matters concerning the property, as described hereinbefore above.

50.     Plaintiff T. Cassidy appeared in magistrate court approximately nine (9) times from May to October of 2019 as a direct and proximate result of the letters and/or citations issued to Plaintiff H. Cassidy for the non-existent structure on her property, as more fully described hereinbefore above.

51.     As a direct and proximate result of the actions of Defendant Township and/or Defendant Wells, Plaintiffs have suffered significant financial loss and emotional distress.

COUNT I:

PLAINTIFFS COMPANY and H. CASSIDY v. DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

52.     Plaintiffs incorporate by reference Paragraphs 1 through 51 as though fully set forth a length herein.

53.     As more fully described hereinbefore above, Defendant Township and/or Wells refused to issue demolition and building permits for Plaintiff H. Cassidy's property to Defendant Company for a significant amount of time.

54.     Plaintiffs believe, and therefore aver, that other similarly situated companies and/or property owners were granted demolition and/or building permits by Defendant Township in significantly shorter amounts of time than the amount of time in which the Plaintiffs were subjected.

55.     There was, and is, no rational basis for the difference in treatment between the Plaintiffs and other, similarly situated property owners and/or companies, as more fully described hereinbefore above.

56.     Furthermore, Plaintiffs believe, and therefore aver, that Defendant Wells, in his capacity as commissioner for Defendant Township, intentionally interfered with the issuance of demolition and/or building permits to Plaintiff Company a direct and proximate result of Defendant Wells' animosity toward Plaintiff T. Cassidy and/or Plaintiff T. Cassidy's disability, as more fully described hereinbefore above.

57.     In his capacity as commissioner, Defendant Wells purported to act as a decision-maker for Defendant Township.

58.     The actions of Defendant Wells were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendant Wells to punitive damages.

59.     As a direct and proximate result of the Defendants' actions, and each of them, Plaintiffs suffered the following injuries and damages:

   a.  violation of Plaintiffs' constitutional rights under the Fourteenth Amendment to the Constitution of the United States to enjoy the equal protection of the law;

   b.  emotional distress;

   c.  severe economic damages; and

      d.      other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Wells; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF T. CASSIDY v. DEFENDANTS

VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

TITLE II

60.    Plaintiffs incorporate by reference Paragraphs 1 through 59 as though fully set forth at length herein.

61.    The Americans with Disabilities Act, 42 U.S.C.S. § 12131 et seq., provides disabled individuals redress for discrimination by a public entity, which includes state or local governments.

62.    Pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C.S. § 12131 et seq., Plaintiff T. Cassidy had the right to all services, programs, and activities provided or made available by Defendant Township, including access to permits issued by local governments such as Defendant Township.

63.    Plaintiff has a permanent physical disability under the ADA, as more fully described hereinbefore above.

10

64.     As more fully described hereinbefore above, Defendant Township and/or Wells did not issue demolition and/or building permits to Defendant Company for a significant amount of time.

65.     For the reasons stated hereinbefore above, Plaintiffs believe, and therefore aver, that Plaintiff Company was denied access to demolition and/or building permits by Defendant Township and/or Defendant Wells, in his capacity as commissioner for Defendant Township, for a significant amount of time as a direct and proximate result of Plaintiff T. Cassidy's disability.

66.     Furthermore, Plaintiffs believe, and therefore aver, that Defendant Wells, in his capacity as commissioner for Defendant Township, intentionally interfered with the issuance of demolition and building permits to Plaintiff Company as a direct and proximate result of Defendant Wells' animosity toward Plaintiff T. Cassidy and/or Plaintiff T. Cassidy's disability, as more fully described hereinbefore above.

67.     In his capacity as commissioner, Defendant Wells purported to act as a decision-maker for Defendant Township.

68.     The actions of Defendant Wells were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendant Wells to punitive damages.

69.     As a direct and proximate result of the Defendants' actions, and each of them, Plaintiffs suffered the following injuries and damages:

    a.     violation of Plaintiff's rights under the ADA;

    b.     emotional distress;

    c.     severe economic damages; and

    d.     other serious injuries and damages which may become apparent throughout
           this litigation.

WHEREFORE, Plaintiff T. Cassidy demand compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Wells; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF H. CASSIDY v. DEFENDANTS

V VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALL
Y, 42 U.S.C. §1983 AND THE FIRST AMENDMENT
TO THE UNITED STATES CONSTITUTION

RETALIATION

70.     Plaintiffs incorporate by reference Paragraphs 1 through 69 as though fully set forth at length herein.

71.     Plaintiff H. Cassidy claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of her constitutional rights under color of law.

72.     At all times relevant hereto, pursuant to the First Amendment to the United States Constitution, Plaintiff H. Cassidy had a constitutional right to be free from retaliation based on her familial association with Plaintiff T. Cassidy.

73.     As more fully described hereinbefore above, Defendant Township and/or Wells did not issue demolition and building permits to Defendant Company for a significant amount of time.

74.     Plaintiffs believe, and therefore aver, that demolition and/or building permits were not timely issued for Plaintiff H. Cassidy's property by Defendant Township and/or Defendant Wells in retaliation for Plaintiff H. Cassidy's familial association with Plaintiff T. Cassidy.

75.     In his capacity as commissioner, Defendant Wells purported to act as a decision-maker for Defendant Township.

76.     The actions of Defendant Wells were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendant Wells to punitive damages.

77.     As a direct and proximate result of the Defendants' actions, and each of them, Plaintiff suffered the following injuries and damages:

    a.     violation of Plaintiff's constitutional rights under the First Amendment to the Constitution of the United States;

    b.     emotional distress;

    c.     severe economic damages; and

    d.     other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff H. Cassidy demand compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Wells; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFFS COMPANY and H. CASSIDY v. DEFENDANT WELLS

VIOLATION OF PLAINTIFFS' RIGHTS UNDER
PENNSYLVANIA COMMON LAW

INTENTIONAL INTERFENCE WITH A
BUSINESS RELATIONSHIP

78.     Plaintiffs incorporate by reference Paragraphs 1 through 77 as though fully set forth at

length herein.

79.     As more fully described hereinbefore above, Plaintiff Company and Plaintiff H. Cassidy

entered into a business relationship in which Plaintiff Company was contracted to demolish the

remaining structure and build their residence on Plaintiff H. Cassidy's property.

80.     Defendant Wells was aware of the business relationship between Plaintiff Company and

Plaintiff H. Cassidy.

81.     As more fully described hereinbefore above, Defendant Wells intentionally interfered

with the issuance of demolition and building permits to Plaintiff Company.

82.     Plaintiffs believe, and therefore aver, that Defendant Wells' took these actions, as more

fully described hereinbefore above, in order to intentionally interfere with Plaintiff Company and

Plaintiff H. Cassidy's business relationship.

83.     As a direct and proximate result of the actions of Defendant Wells, as more fully

described hereinbefore above, Plaintiffs were unable to build a new residence on the property in

2018 and suffered significant financial losses.

84.     As a direct and proximate result of the Defendant Wells' actions, and each of them,

Plaintiffs suffered the following injuries and damages:

        a.      violation of Plaintiffs' rights under Pennsylvania Common Law.

14

   b.  emotional distress;

   c.  severe economic damages; and

   d.  other serious injuries and damages which may become apparent throughout this litigation.

  WHEREFORE, Plaintiffs Company and H. Cassidy demand compensatory general damages against Defendant Wells in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF COMPANY v. DEFENDANT WELLS

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
PENNSYLVANIA COMMON LAW

INTENTIONAL INTERFENCE WITH A
<u>BUSINESS RELATIONSHIP</u>

85. Plaintiffs incorporate by reference Paragraphs 1 through 84 as though fully set forth at length herein.

86. As more fully described hereinbefore above, Plaintiff Company entered into several business relationships in order to build a residence on Plaintiff H. Cassidy's property.

87. Defendant Wells was aware of these business relationships, as Plaintiff T. Cassidy, in his capacity as owner of Plaintiff Company, communicated this information to several of Defendant Township's employees.

88. As more fully described hereinbefore above, Defendant Wells intentionally interfered with the issuance of demolition and construction permits to Plaintiff Company.

15

89.     Plaintiffs believe, and therefore aver, that Defendant Wells' took these actions, as more fully described hereinbefore above, in order to intentionally interfere with Plaintiff Company's business relationships, as more fully described hereinbefore above.

90.     As a direct and proximate result of the actions of Defendant Wells, as more fully described hereinbefore above, Plaintiffs were unable to construct a new home on the property in 2018 and suffered significant financial losses.

91.     As a direct and proximate result of the Defendant Wells' actions, and each of them, Plaintiff Company suffered the following injuries and damages:

      a.     violation of Plaintiff's rights under Pennsylvania Common Law.

      b.     emotional distress;

      c.     severe economic damages; and

      d.     other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff Company demands compensatory general damages against Defendant Wells in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  May 20, 2020