IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIDY BROTHERS REAL ESTATE DEVELOPMENT COMPANY, TERRANCE L. CASSIDY, SR. and HELEN CASSIDY, <br><br> Plaintiffs, <br> vs. <br><br> SCOTT TOWNSHIP and WILLIAM WELLS, in his official and individual capacity, <br><br> Defendants. | CIVIL DIVISION <br><br> No. 2:20-cv-00744 <br><br> *Honorable William S. Stickman IV* <br><br> ELECTRONICALLY FILED <br><br> **JURY TRIAL DEMANDED** |

## MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

AND NOW, come the Defendants SCOTT TOWNSHIP and WILLIAM WELLS, by and through their counsel, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, SCOTT G. DUNLOP, ESQUIRE and MORGAN M. J. RANDLE, ESQUIRE and hereby submit the following Motion to Dismiss Plaintiffs' Amended Complaint, as follows:

1. Defendants move to dismiss Plaintiffs' Amended Complaint in its entirety for failure to state a claim upon which relief may be granted. At the outset of this Motion to Dismiss, Defendants seek to address various claims pled that simply hold no legal weight, and are not theories of action upon which they are entitled to relief. These include Count II as to Defendant Wells and the claim for punitive damages, and Counts III, IV and V. Defendants then move to dismiss the remaining claims based upon the vague and illusory claims in the Amended Complaint.

2. Plaintiffs filed the instant Amended Complaint on June 18, 2020. ECF 2. Plaintiff Cassidy Brothers Real Estate Development Company ("CBREDC" or "Plaintiff Company" or "Corporate Plaintiff") is a Pennsylvania limited liability company owned by Plaintiff Terrance L.

1

Cassidy, Sr. ("T. Cassidy"), a permanently disabled individual. *Id*. at ¶¶5-6, 11. Plaintiff Helen Cassidy ("H. Cassidy") is T. Cassidy's sister-in-law. *Id*. at ¶7.

3. Plaintiffs bring the instant suit in relation to claimed: (1) "excessive and unnecessary" code violations issued to T. Cassidy by Defendant Scott Township, at the instruction of Defendant William Wells, between 2011 and 2018; (2) an alleged four (4) to six (6) week delay in issuing T. Cassidy and Corporate Plaintiff a demolition permit in June of 2018 for work on H. Cassidy's property; (3) a claimed delay in issuing a building permit for H. Cassidy's property in June of 2018, including the Township and/or Wells' requiring T. Cassidy and Corporate Plaintiff to provide a timeline of building plans; and (4) the issuance of code violation citations against H. Cassidy, claimed to have been in retaliation for her familial association with T. Cassidy. *Id*. at ¶¶13-54.

4. Plaintiffs H. Cassidy and CBREDC allege that the Township and Commissioner Wells have refused to issue demolition and building permits for H. Cassidy's property for a significant amount of time. *Id*. at ¶56. They contend that other similarly situated companies and/or property owners were granted demolition and building permits in shorter amounts of time. *Id*. at ¶57.

5. First, Defendants address the wholly legally deficient causes of action. At Count II, Plaintiff T. Cassidy brings an Americans with Disabilities Act Title II claim alleging that Defendants denied him access to demolition and building permits for a significant amount of time as a result of his disability. ECF 2 at ¶68. T. Cassidy seeks relief in the form of punitive damages against Wells, economic damages, general and compensatory damages, and attorneys fees and costs. *Id*. at ¶¶71-2. Defendant Wells is not subject to individual liability under the ADA theory

pled at Count II, nor can punitive damages be awarded against him.  For these reasons, Count II should be dismissed as to Wells, and any punitive damages claim stricken.

6. Likewise, at Count III, Plaintiff H. Cassidy brings a 42 U.S.C. §1983 claim for retaliation against her First Amendment rights.  ECF 2 at ¶¶73-80.  Although unclear in the Amended Complaint, H. Cassidy appears to be bringing this claim in relation to the code violation citations issued against her, and because of the delay in issuing demolition and/or building permits to her, each allegedly in retaliation for her familial association with T. Cassidy.  *Id*. at ¶¶45-53, 77.

7. The Third Circuit has not yet recognized sibling relationships, let alone sibling-in-law relationships, as a basis for a First Amendment familial association claim.  Further, in order to make out such a claim, a plaintiff must show that the action "directly and substantially interfered with" a protected relationship.  *See Lyng v. Int'l Union, et al.*, 485 U.S. 360, 365, 108 S.Ct. 1184, 99 L.Ed.2d 380 (1988); *Nittoli v. Morris County Bd. of Chosen Freeholders*, 2007 WL 1521490, *7 (D.N.J. May 22, 2007).  H. Cassidy does not set forth any claim for, let alone any specifics relating to, interference in her relationship with T. Cassidy at Count III, and thus this claim fails as a matter of law.

8. Counts IV and V, Pennsylvania common law intentional interference with a business relationship, fail under *Iqbal* and *Twombly* as the Amended Complaint is bereft as to any specifics regarding business contracts that were purportedly interfered with, as well as any knowledge of Defendant Wells of the same.  At each of these state law claims, Defendant Wells is entitled to high public official immunity.

9. The remaining causes of action brought by Plaintiffs, thus, are Equal Protection based on a class of one theory at Count I, and an ADA claim against the Township at Count II,

which both fail as Defendants are not put on notice of what specifically Plaintiffs are claiming. Each of these causes of action are lacking detail as to what the basis of the Complaint is, and fall short of the applicable *Iqbal* and *Twombly* federal pleading standard.  These two Counts need to be re-pled to identify the specific violations being used as the grounds for these claims.

10. At Count I, Plaintiffs H. Cassidy and CBREDC fail to allege facts sufficient to establish a 42 U.S.C. §1983 claim for violation of their Equal Protection rights under the Fourteenth Amendment, based upon a class of one theory. *Id*. at ¶¶55-62.  At Count II, Plaintiff H. Cassidy brings a 42 U.S.C. §1983 claim First Amendment retaliation, against the Township as well as Defendant Wells (addressed *supra*).  ECF 2 at ¶¶73-80.

11. As to each of these Counts, H. Cassidy and Corporate Plaintiff provide virtually no information about the specific code violations/citations that they contend are at issue in this case. Not a single citation or enforcement notice is attached to the Complaint, such that Defendants are unable to identify what citations are at issue, when these occurred, or what Plaintiffs contend was inappropriate about them.  The Amended Complaint must be refiled to provide Defendants with specific information regarding their claims.  They have not pled specific facts demonstrating differential treatment from similarly situated individuals.  They make no specific reference to any comparators at their class of one claim.  The Amended Complaint not satisfy *Iqbal* or *Twombly*.

12. In any event, as to each of the federal claims, Defendant Wells is entitled to qualified immunity, barring these claims against him.

13. Defendants hereby incorporate the arguments set forth in the Brief filed in support of the within Motion to Dismiss.

WHEREFORE, Defendants, Scott Township and William Wells, respectfully request this Honorable Court to grant the within MOTION TO DISMISS FOR FAILURE TO STATE A

CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) and enter an order in accordance with the proposed order attached hereto and dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice.

                            Respectfully submitted,

                            **MARSHALL DENNEHEY**
                            **WARNER COLEMAN & GOGGIN**

BY:   *s/ Scott G. Dunlop*
          SCOTT G. DUNLOP, ESQUIRE
          PA ID #41638
          MORGAN M. J. RANDLE, ESQUIRE
          PA ID #324470
          Union Trust Building, Suite 700
          501 Grant Street
          Pittsburgh, PA  15219
          412-803-1140 phone / 412-803-1188 fax
          sgdunlop@mdwcg.com
          mmrandle@mdwcg.com

          **Counsel for Defendants**

LEGAL/131607360.v1