IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIDY BROTHERS REAL ESTATE DEVELOPMENT COMPANY, TERRANCE L. CASSIDY, SR and HELEN CASSIDY, | |
| *Plaintiffs*, | Civil Action No. 2:20-cv-744 |
| v. | Hon. William S. Stickman IV |
| SCOTT TOWNSHIP and WILLIAM WELLS *in his official and individual capacity*, | |
| *Defendants*. | |

## MEMORANDUM ORDER OF COURT

The Court, by January 26, 2021 Memorandum Opinion and Order,[1] permitted Plaintiffs to file a Third Amended as to Counts I and II against Defendant Scott Township ("Scott Township"). (ECF Nos. 27 and 18). Plaintiffs filed a Third Amended Complaint and included one claim, Count II, brought by Plaintiff Terrance L. Cassidy, Sr. ("T. Cassidy") against Scott Township, which alleges that it violated his rights under Title II of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12201 *et seq.* (ECF No. 29). Defendants once again moved to dismiss Count II for failure to state a claim upon which relief can be granted.[2] (ECF

---

[1] The Court's Memorandum Opinion is incorporated herein. It sets forth a rendition of the facts pled by Plaintiffs, which have remained virtually unchanged in their Third Amended Complaint.

[2] A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262-63 (3d Cir. 2008). Although this Court must accept the allegations in the Complaint as true, it is "not

1

Nos. 30 and 32). Briefing is complete and the matter is ripe for adjudication. For the following reasons, the Court grants Defendants' motion.

Congress enacted the ADA to eliminate discrimination based on disability. But the ADA does not cover every instance of such discrimination. Rather, it covers such discrimination in at least three situations, each of which is assigned its own "title" or subsection of the ADA statute. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003). Title II, which T. Cassidy alleges was violated, prohibits discrimination by a "public entity." 42 U.S.C. § 12132. It "addresses discrimination by governmental entities in the operation of public services, programs, and activities, including transportation." *Buchanan v. Maine*, 469 F.3d 158, 170 (1st Cir. 2006). To successfully state a claim under Title II of the ADA, a person must demonstrate: (1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability. *Haberle v. Troxell*, 885 F.3d 170, 178–79 (3d Cir. 2018).

Plaintiffs' have amended their Complaint three times. The Court finds that T. Cassidy has still failed to plead any act of discrimination within the meaning of the ADA. While T. Cassidy has alleged that he suffered from a disability and Scott Township is a public entity, T. Cassidy has once again failed to recite well-pleaded facts that give rise to an inference that he was discriminated against *because of* his disability. In order to state a valid cause of action, T. Cassidy must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

*Twombly*, 550 U.S. at 555. All T. Cassidy has pled is that he was subjected to unwarranted notice of code violations, denied timely access to demolition and/or building permits "as a direct and proximate result" of his disability, and that he was "subject to actual permit denials." (ECF No. 29, ¶¶ 13-16, 23-29, 38-42, 46). Quite simply, he has failed to provide any factual allegations that these alleged events by Scott Township were the result of discrimination against him *because of* his disability. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* T. Cassidy's claim against Scott Township fails to meet the threshold requirements for pleading an ADA claim. Therefore, Count II will be dismissed with prejudice.

AND NOW, this **26** day of April 2021, Defendants' Motion for Partial Dismissal of the Third Amended Complaint (ECF No. 30) is GRANTED. Count II is DISMISSED WITH PREJUDICE. Defendant Scott Township is hereby TERMINATED as a party in this case.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE